**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO LLAMA PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-72946

Agency No. A215-862-477

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 21, 2022[**]
San Francisco, California

Before:  HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Armando Llama Perez, a native and citizen of Cuba, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the agency's factual findings for substantial evidence, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020), and we deny the petition for review.

Substantial evidence supports the agency's determination that the harm Llama Perez experienced in Cuba, even considered cumulatively, did not rise to the level of past persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019–21 (9th Cir. 2006) (record of past harm that included detention and interrogation did not compel a finding of past persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive.") (citation and internal quotation marks omitted). Substantial evidence also supports the agency's determination that Llama Perez failed to establish a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Nagoulko*, 333 F.3d at 1018 (possibility of future persecution "too speculative"). Llama Perez thus failed to establish eligibility for asylum, and necessarily also failed to establish the higher standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because Llama Perez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Cuba. *See Aden v.*

*Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (possibility of torture too speculative).[1]

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[1] To the extent Llama Perez contends he suffered psychological harm rising to the level of persecution, or that he will be persecuted for seeking asylum in the United States, we lack jurisdiction to consider these contentions because he did not raise these claims before the BIA and they are dismissed. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). We do not consider any new evidence Llama Perez attached to his opening brief, as our review is limited to the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc); *see also* 8 U.S.C. §1252(b)(4)(A).